**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CLETIS O'QUINN,

      Petitioner-Appellant,

v.

STATE OF KANSAS,

      Respondent-Appellee.

No.  98-3277
(D.C. No. 94-3447-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT**   *

---

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Cletis R. O'Quinn appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. As petitioner has not made a substantial showing of the denial of a federal right, we deny his application for a certificate of probable cause [1] and dismiss the appeal.

Some time after midnight on September 8, 1989, a convenience store clerk in Wichita, Kansas, was sexually assaulted, battered, and cut with a knife. Petitioner's first trial for these crimes in March 1990 resulted in a mistrial. Petitioner's attorney withdrew, and attorney Moore was hired to represent petitioner in the second prosecution, which was scheduled to begin on May 14, 1990. Because Moore was in failing health, attorney Dunn was brought into the case to assist Moore.

On May 11, 1990, Moore was hospitalized. Dunn asked for a ten-day to two-week continuance, arguing he was not sufficiently prepared to take over as lead counsel. The district court denied the motion, but postponed the trial for two days, giving Dunn five days to prepare. After a two-day trial, petitioner was

---

[1] Because petitioner filed his petition for a writ of habeas corpus on November 1, 1994, well before the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), he is not subject to the AEDPA's requirement that he obtain a certificate of appealability. He is, however, subject to the pre-AEDPA requirement that he obtain a certificate of probable cause, by making a substantial showing of the denial of a federal right. See Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983).

convicted of aggravated kidnaping, aggravated battery, and aggravated sexual battery. The Kansas Supreme Court affirmed his conviction in October 1991.

Petitioner brought an action for post-conviction relief in the state court, alleging Dunn's representation in the second trial was ineffective. A hearing was held before the judge that presided over the second prosecution, in which testimony was taken from Dunn, the criminal prosecutor, petitioner, and attorney Moore's widow. The state court found petitioner had received effective assistance, and the Kansas Court of Appeals affirmed on March 18, 1994.

Petitioner filed for federal habeas relief on November 1, 1994, claiming (1) his attorney was ineffective; (2) police used an unduly suggestive procedure to identify him; (3) there was no physical evidence linking petitioner to the crime; (4) the prosecution used perjured testimony; and (5) the prosecution failed to disclose exculpatory evidence. The district court held petitioner did not exhaust claims 4 and 5, but that they were legally frivolous. See R. doc. 20. Petitioner does not challenge this order on appeal.

In a detailed decision, the district court found that petitioner's counsel was not ineffective, and that in light of the overwhelming evidence, petitioner had not shown that any of his alleged errors were prejudicial. Petitioner appeals from this decision, arguing Dunn's failure to obtain the transcript of the previous trial and his failure to cross-examine the victim were ineffective assistance. He also

challenges the district court's failure to rule on his identification and physical evidence claims.

To establish ineffective assistance of counsel, petitioner must show both that Dunn's representation fell outside the bounds of reasonableness and that petitioner was prejudiced thereby. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To show unreasonable representation, petitioner must overcome the presumption that his attorney's decision "might be considered sound trial strategy, id. at 689 (further quotations omitted), and to show prejudice, he must demonstrate a reasonable probability that the outcome would have been different, see id. at 694. We conclude neither of these requirements have been met.

Petitioner has not shown that Dunn failed to obtain the transcript from the first trial, and, in fact, there are indications that Dunn may have had the entire transcript. See, e.g., Nov. 9, 1992 Trial Trans. at 44-47, 69-70, 77. At a minimum, there is evidence that Dunn had the testimony of the victim and of Detective Clark, and that he used them for impeachment. See May 11, 1990 Suppression Hrg. at 14 (Dunn's reference to victim's testimony in first trial); May 17, 1990 Trial Trans., Vol. II at 133-34 (Dunn's reference to Clark's prior testimony). The fact that Dunn had portions of the transcript demonstrates that any decision not to order the rest was tactical. We note the prosecution's request was similarly limited. See Nov. 9, 1992 Trial Trans. at 94-95.

-4-

Dunn also made a tactical decision not to cross-examine the victim because her testimony and presentation were so compelling. See id. at 77-78. At the state post-conviction hearing, the prosecutor described this decision as "a very wise move." Id. at 113. Petitioner has not shown that Dunn's decisions exceeded the bounds of reasonable representation.

Petitioner also has not shown that he was prejudiced by the alleged failure to order certain parts of the transcript or the decision not to cross-examine the victim. As noted by the prosecutor, Dunn succeeded in collaterally impeaching the victim through the testimony of others. See id. at 113-14; see also May 17, 1990 Trial Trans. Vol. II at 132-33 (testimony through Clark that victim was in pain and possibly under medication when she identified petitioner, and that she told police assailant drove a 4x4). After reviewing the transcripts from both trials, we agree with the district court that the evidence of guilt was overwhelming, and that any alleged error in cross-examination was not prejudicial.

Finally, petitioner has not made a substantial showing that the identification procedure used was so suggestive as to taint his trial, especially in light of the victim's testimony at the suppression hearing, see May 11, 1990 Suppression Hrg. Trans. at 12-14 (testifying she didn't notice the numbers on the pictures and demonstrating she did not recognize petitioner's "orange shirt" as a jail uniform),

or that he had a federal right to be connected to the crime with physical evidence from his body when there was strong eyewitness testimony and physical evidence corroborating testimony about his clothing and vehicle.

Petitioner's application for a certificate of probable cause is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court


Wade Brorby
Circuit Judge